# EXHIBIT A

FILED
Gary Harrison
CLERK, SUPERIOR COURT

2/2/2021 4:06:20 PM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20205838
HON. KELLIE JOHNSON

**MICK LEVIN, ESQ., (SBN 021891)**
micklevin@mlplc.com
**JOHN P. ROBERTSON, II (SBN 016731)**
johnrobertson@mlplc.com
**MICK LEVIN, P.L.C.**
3401 N 32nd Street
Phoenix, AZ 85018
Ph: 480-865-3051 / 866-707-7222
Fax: 800-385-1684

*Attorneys for Plaintiffs*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| John Doe, an adult individual; | Case No.  C2020 5838 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Robert Womack a/k/a Bobby Womac and JANE DOE WOMACK, husband and wife; CARLOS IRWIN ESTEVEZ a/k/a CHARLIE SHEEN, an adult individual; DON COLLIER a/k/a HOLLY HIRE CASTING & ASSOCIATES, an adult individual; HOLLYWOOD PICTURES CORPORATION d/b/a HOLLYWOOD PICTURES, a Foreign Corporation; POLYGRAM PICTURES, INC. d/b/a INTERSCOPE COMMUNICATIONS, a Foreign Corporation; POLYGRAM PICTURES, LLC; a Foreign Limited Liability Company; NOMURA BABCOCK & BROWN FILM ENTERTAINMENT ONE, INC., a Foreign Corporation; NOMURA BABCOCK & BROWN FILM ENTERTAINMENT TWO, INC., a Foreign Corporation; CINERGI FILM PRODUCTIONS CO. d/b/a CINERGI PICTURES ENTERTAINMENT, a | (Tort – Non-Motor Vehicle) |

1

Foreign Corporation; LIBRA PICTURES, a Foreign Corporation; RADISSON HOSPITALITY INC., a Foreign Corporation; UNIVERSAL CITY STUDIOS, LLC., a Foreign Corporation; XYZ FRANCHISEE.

Defendants.

Plaintiff, through undersigned counsel, alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. The events detailed in Plaintiff's Complaint occurred in Pima County and exceed the court's minimum jurisdictional amount. Venue and Jurisdiction are proper.

2. Plaintiff alleges that due to the damages sought in this matter, under Rule 8(b) of the Arizona Rules of Civil Procedure, it should be placed under Tier 3.

3. At all times material hereto, Plaintiff John Doe was a resident of Cochise County, Arizona.

4. Upon information and belief and at all times material hereto, Defendants Robert Womack a/k/a "Bobby Womac" and Jane Doe Womack were residents of California.

6. At all times material hereto, Defendants Robert Womack and Jane Doe Womack were acting on behalf of the marital community.

7. At all times material hereto, Defendant Carlos Irwin Estevez a/k/a Charlie Sheen ("Charlie Sheen") was a resident of California.

8.    Upon information and belief and at all times material hereto, Defendant Don Collier was a resident of Pima County, Arizona.

9.    Upon information and belief, Holly Hire-Collier was married to Defendant Don Collier prior to 1994.

10.    At all times material hereto, Holly Hire-Collier was acting on behalf of the marital community.

11.    Upon information and belief, Holly Hire Casting & Associates was an Arizona business owned and operated by Holly Hire-Collier.

12.    Upon information and belief, Holly Hire Casting & Associates held a principal place of business in Pima County.

13.    At all times material hereto, Defendant Hollywood Pictures Corporation d/b/a Hollywood Pictures ("Hollywood Pictures") was a foreign corporation with a principal place of business in California.

14.    Upon information and belief and at all times material hereto, Defendant Polygram Pictures, Inc. d/b/a Interscope Communications ("Interscope") was a foreign corporation with a principal place of business in California.

15.    Defendant Polygram Pictures, LLC is a Delaware Limited Liability Company with a principal place of business in California.

16.    At all times material hereto, Defendant PolyGram Filmed Entertainment Productions, Inc. d/b/a Polygram Filmed Entertainment ("PolyGram") was a foreign corporation with a principal place of business in Delaware.

3

17. At all times material hereto, Defendant Nomura Babcock & Brown Film Entertainment One, Inc. was a foreign corporation with a principal place of business in California.

18. At all times material hereto, Defendant Nomura Babcock & Brown Film Entertainment Two, Inc. is a foreign corporation with a principal place of business in California.

19. At all times material hereto, Defendant Cinergy Film Productions Co. d/b/a Cinergi Pictures Entertainment ("Cinergi") was a foreign corporation with a principal place of business in California.

20. Upon information and belief and at all times material hereto, Defendant Libra Pictures ("Libra") was a foreign corporation with a principal place of business in California.

21. At all times material hereto, Defendant Radisson Hospitality, Inc., is a foreign corporation with a principal place of business in Minnesota.

22. Defendant Universal City Studios, LLC is a Delaware Limited Liability Company with a principal place of business in California.

23. Upon information and belief, XYZ Franchisee is an Arizona business with a principal place of business in Arizona.

## GENERAL ALLEGATIONS

24. Plaintiff reasserts and readopts the allegations in paragraphs 1-23 of this Complaint as if fully set forth herein.

4

25. Upon information and belief and at all times material hereto, Radisson Hospitality, Inc., and/or XYZ Franchisee, operated the hotel located at 6555 East Speedway Blvd ("Radisson Tucson").

26. Upon information and belief and at all times material hereto, Radisson Hospitality, Inc., and/or XYZ Franchisee, were acting in concert (collectively, "Radisson Tucson Defendants").

27. Upon information and belief and at all times material hereto, XYZ Franchisee was acting as an agent or servant of Radisson Hospitality, Inc.

28. Upon information and belief, Defendant Universal City Studios, LLC is a successor organization of Defendants Interscope, Polygram, and Polygram Pictures, LLC.

29. Upon information and belief and at all times material hereto, Defendants Don Collier d/b/a Holly Hire Casting & Associates, and/or Hollywood Picture, and/or Interscope, and/or Polygram Pictures, LLC, and/or Polygram, and/or Nomura Babcock & Brown Filmed Entertainment One, Inc., and/or Nomura Babcock & Brown Filmed Entertainment Two, Inc., and/or Cinergi, and/or Libra, and/or agents (collectively Production Company Defendants) were acting in concert.

30. Upon information and belief and at all times material hereto, Defendant Robert Womack was Defendant Charlie Sheen's personal driver. Upon information and belief, Robert Womack's duties included driving Defendant Charlie Sheen's trailer and other vehicles.

5

31. Upon information and belief, Defendant Robert Womack was an agent or servant and/or employee of the Production Company Defendants and/or agents of Production Company Defendants and/or Defendant Charlie Sheen.

32. Upon information and belief, Production Company Defendants and/or agents acted in concert in developing and filming the movie *Terminal Velocity*, released in 1994.

33. Upon information and belief, Production Company Defendants, and/or agents, and/or employees were responsible for the selection and hiring of employees and/or independent contractors to conduct the business of filming a movie during the production of *Terminal Velocity* in 1994.

34. Upon information and belief, *Terminal Velocity* was filmed between January 17, 1994, and April 6, 1994.

34. Plaintiff John Doe was born in 1977.

36. Plaintiff was an avid fan of Defendant Charlie Sheen and his films.

37. Plaintiff was 16 in ~~1977~~ **January 1994**.

38. In approximately mid-to-late January 1994 on the last day of shooting in Douglas, Arizona, Plaintiff decided to wait outside of Defendant Charlie Sheen's hotel to get Defendant Charlie Sheen's autograph.

39. Plaintiff waited outside of the hotel on and off for a couple of days.

40. On the second day, Defendant Robert Womack and Defendant Charlie Sheen's stunt man, Eddie Braun, spotted Plaintiff waiting outside the hotel and

approached Plaintiff. Defendant Robert Womack and Eddie Braun invited Plaintiff in the hotel lobby for the purpose of meeting Defendant Charlie Sheen.

41. In the hotel lobby, Plaintiff met Defendant Charlie Sheen, obtained his autograph, and took a photograph with him.

42. Later that day, Defendant Robert Womack asked Plaintiff if he would like to accompany him to Tucson to be his assistant for the remainder of the filming of *Terminal Velocity*. The filming would take place over the next three to four weeks. Plaintiff accepted Defendant Robert Womack's offer.

43. Plaintiff told Defendant Robert Womack he was 16 years old.

44. Plaintiff then returned home to Sierra Vista to pack for the trip to Tucson and obtained parental approval to be Defendant Robert Womack's assistant. Plaintiff's mother and aunt then drove Plaintiff to the Wal Mart parking lot in Sierra Vista, where Defendant Robert Womack met them in Defendant Charlie Sheen's trailer. Defendant Charlie Sheen was in the back of the trailer sleeping.

45. Defendant Robert Womack then drove Plaintiff to Tucson, where they went to Radisson Tucson Defendant's hotel, the Radisson Tucson.

46. When Defendant Robert Womack and Plaintiff arrived at the Radisson Tucson to check in, Defendant Robert Womack and Plaintiff went to the front desk. Defendant Robert Womack first checked Defendant Charlie Sheen into a room under a pseudonym. Defendant Robert Womack, however, made it clear to the hotel staff at the front desk that the guest was Defendant Charlie Sheen.

7

47. Defendant Robert Womack, with Plaintiff standing next to him, then checked in to his room. The hotel staff clearly saw Plaintiff, and by his appearance knew that Plaintiff could have been a minor. The hotel staff, however, never spoke to Plaintiff upon check-in and never asked Plaintiff for his age, identification, or his relationship with Defendant Robert Womack.

48. The hotel staff at Radisson Tucson Defendant's hotel knew that Plaintiff was staying in Defendant Robert Womack's room, which was a single-bed room with a minibar containing alcoholic beverages.

49. Although Plaintiff was originally under the impression that he would be staying in a separate room from Defendant Robert Womack, he did not voice any objections to staying in the same room out of fear of losing his position as Defendant Robert Womack's assistant.

50. Defendant Robert Womack and Plaintiff stayed in the same room at Radisson Tucson Defendant's hotel for the entirety of the filming of *Terminal Velocity* in Tucson, Arizona, which was approximately three to four weeks. Numerous members of the production crew saw Plaintiff exit Defendant Robert Womack's room on different occasions.

51. Upon information and belief, Defendant Robert Womack and/or the Production Company Defendants paid for the hotel room at the Radisson Tucson.

52. Upon information and belief, Defendant Robert Womack was acting in the course and scope of his employment by getting a room at the Radisson Tucson.

8

He stayed at that room during the course of the production of *Terminal Velocity* in Tucson.

53. Later that night, as Plaintiff was attempting to sleep, Defendant Robert Womack laid down on the bed with him, put his hand down Plaintiff's pants and fondled Plaintiff's genitalia while masturbating. After that first night, Defendant Robert Womack continued to sexually assault Plaintiff by having sexual conduct and contact with Plaintiff nightly during the approximately three to four week production of *Terminal Velocity* in Tucson.

54. From the first day of production of *Terminal Velocity* in Tucson, Defendant Robert Womack would take Plaintiff to the set. Plaintiff was known on the set as Defendant Robert Womack's assistant. Upon information and belief, the Production Company Defendants provided Plaintiff with a badge stating Plaintiff was "Terminal Velocity staff."

55. While on the set, Defendant Robert Womack would make extremely sexual comments about Plaintiff to other individuals, including actors and the production crew, on the set of *Terminal Velocity*. Defendant Womack and Plaintiff were often alone in Defendant Charlie Sheen's trailer while the trailer was parked on set.

56. Upon information and belief, the Production Company Defendants knew that Plaintiff was a minor, knew that Defendant Womack and Plaintiff were often alone in Defendant Charlie Sheen's trailer while the trailer was parked on set, and knew that Plaintiff was staying in Defendant Womack's hotel room.

57. Upon information and belief, Defendant Charlie Sheen knew Plaintiff was a minor. During the course of the filming in Tucson, Defendant Charlie Sheen signed a happy birthday message stating "Happy 18th," indicating he knew Plaintiff was a minor at the time he first met Plaintiff.

58. Upon information and belief, Defendant Charlie Sheen knew Plaintiff, a minor, was staying in Defendant Robert Womack's hotel room.

59. Defendant Robert Womack facilitated Plaintiff being cast as an extra during the filming of *Terminal Velocity* in Tucson.

60. Upon information and belief, Holly Hire Casting & Associates was responsible for managing casting of extras in Tucson and Douglas for the film *Terminal Velocity*. Plaintiff was cast as an extra in *Terminal Velocity*.

61. Plaintiff received a paycheck for his role as an extra in *Terminal Velocity*.

62. Upon information and belief, Holly Hire Casting and Associates knew that Plaintiff was a minor, knew Defendant Womack and Plaintiff were often alone in Defendant Charlie Sheen's trailer while the trailer was parked on set, and knew Plaintiff, a minor, was staying in Defendant Robert Womack's hotel room.

63. After the completion of the filming of *Terminal Velocity* in Tucson, Defendant Robert Womack offered for Plaintiff to come with Defendant Robert Womack to complete filming for *Terminal Velocity* in locations outside of Arizona. Plaintiff, however, refused to go with him and stayed in Arizona.

//

//

10

## COUNT I
### (Sexual conduct or contact pursuant to House Bill 2466, Chapter 529)
### (Defendants Robert Womack a/k/a Bobby Womac and Jane Doe Womack)

64.  Plaintiff reasserts and readopts the allegations in paragraphs 1-63 of this Complaint as if fully set forth herein.

65.  House Bill 2466, Chapter 529 §3(B), passed by the Arizona Legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

> Notwithstanding any other law, a cause of action for damages described in section A, paragraph 1 of this section that involves sexual conduct or sexual contact and that would be time barred under section 12-514... or that would otherwise be time barred because of an applicable statute of limitations, a claim presentation deadline or the expiration of any other time limit is revived and may be commenced before December 31, 2020.

66.  Defendant Robert Womack had a duty to exercise reasonable care to Plaintiff.

67.  Defendant Robert Womack breached that duty when he had sexual contact and sexual conduct with Plaintiff on numerous occasions.

68.  As a direct and proximate result, Plaintiff sustained injuries that have caused pain, suffering, mental and emotional anguish, and a general decrease in the quality of life.

## COUNT II
### (Negligence pursuant to House Bill 2466, Chapter 529)
### (Defendant Charlie Sheen and Production Company Defendants)

69.  Plaintiff reasserts and readopts the allegations in paragraphs 1-68 of this Complaint as if fully set forth herein.

11

70. House Bill 2466, Chapter 529 §3(B), passed by the Arizona Legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

> Notwithstanding any other law, a cause of action for damages described in section A, paragraph 1 of this section that involves sexual conduct or sexual contact and that would be time barred under section 12-514... or that would otherwise be time barred because of an applicable statute of limitations, a claim presentation deadline or the expiration of any other time limit is revived and may be commenced before December 31, 2020.

71. House Bill 2466, Chapter 529 §3(C), passed by the Arizona Legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

> A cause of action... may be brought against a person who was not the perpetrator of the sexual conduct or sexual contact if that person knew or otherwise had actual notice of any misconduct that creates an unreasonable risk of sexual conduct or sexual contact with a minor by an employee, a volunteer, a representative or an agent.

72. House Bill 2466, Chapter 529 §1(B)(1) codified as A.R.S. 12-514(B)(1) defines a "person" as "an individual, the United States, this state or a public or private corporation, local government unit, public agency, partnership, association, firm, trust or estate or any other legal entity."

73. Defendant Charlie Sheen and the Production Company Defendants owed a duty to take reasonable steps to protect Plaintiff from foreseeable harm and injuries. Defendant Charlie Sheen and the Production Company Defendants had a duty to warn, safeguard, and/or protect Plaintiff, a minor, from sexual contact and sexual conduct with Defendant Robert Womack.

74. Defendant Charlie Sheen and the Production Company Defendants breached their duty of care to Plaintiff as they knew or otherwise had actual notice of misconduct by Defendant Robert Womack that created an unreasonable risk of sexual conduct or sexual contact with Plaintiff and negligently failed to protect Plaintiff while a minor from sexual contact and sexual conduct with Defendant Robert Womack.

75. As a direct and proximate result, Plaintiff sustained injuries that have caused pain, suffering, mental and emotional anguish, and a general decrease in the quality of life.

## COUNT III
**(Negligence hiring, supervision, retention pursuant to House Bill 2466, Chapter 529)**
**(Defendant Charlie Sheen and Production Company Defendants)**

76. Plaintiff reasserts and readopt the allegations in paragraphs 1-75 of this Complaint as if fully set forth herein.

77. House Bill 2466, Chapter 529 §3(B), passed by the Arizona Legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

> Notwithstanding any other law, a cause of action for damages described in section A, paragraph 1 of this section that involves sexual conduct or sexual contact and that would be time barred under section 12-514... or that would otherwise be time barred because of an applicable statute of limitations, a claim presentation deadline or the expiration of any other time limit is revived and may be commenced before December 31, 2020.

13

78. House Bill 2466, Chapter 529 §3(C), passed by the Arizona Legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

> A cause of action... may be brought against a person who was not the perpetrator of the sexual conduct or sexual contact if that person knew or otherwise had actual notice of any misconduct that creates an unreasonable risk of sexual conduct or sexual contact with a minor by an employee, a volunteer, a representative or an agent.

79. House Bill 2466, Chapter 529 §1(B)(1) codified as A.R.S. 12-514(B)(1) defines a "person" as "an individual, the United States, this state or a public or private corporation, local government unit, public agency, partnership, association, firm, trust or estate or any other legal entity.".

80. Defendant Charlie Sheen and Production Company Defendants had a duty to exercise reasonable care in the authorization, selection, investigation, approval, hiring, training, supervision, retention, assignment, and/or discharge of its employees, agents, representatives, or servants.

81. Upon information and belief, Defendant Charlie Sheen and Production Company Defendants owed a duty to train and educate leaders to establish adequate and effective policies and procedures calculated to detect, prevent, and address sexual abuse.

82. Defendant Charlie Sheen and Production Company Defendants breached that duty and failed to exercise reasonable care in the hiring, retention and supervision of their employee, Defendant Robert Womack.

83. Defendant Charlie Sheen and Production Company Defendants breached that duty by permitting, or failing to prevent, the negligent conduct of Defendant Robert Womack.

84. As a direct and proximate result, Plaintiffs sustained injuries that have caused pain, suffering, mental and emotional anguish, and a general decrease in the quality of life.

## COUNT IV
### (Negligence pursuant to House Bill 2466, Chapter 529)
### (Radisson Tucson Defendants)

84. Plaintiff reasserts and readopts the allegations in paragraphs 1-83 of this Complaint as if fully set forth herein.

85. House Bill 2466, Chapter 529 §3(B), passed by the Arizona Legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

> Notwithstanding any other law, a cause of action for damages described in section A, paragraph 1 of this section that involves sexual conduct or sexual contact and that would be time barred under section 12-514... or that would otherwise be time barred because of an applicable statute of limitations, a claim presentation deadline or the expiration of any other time limit is revived and may be commenced before December 31, 2020.

86. House Bill 2466, Chapter 529 §3(C), passed by the Arizona Legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

> A cause of action... may be brought against a person who was not the perpetrator of the sexual conduct or sexual contact if that person knew or otherwise had actual notice of any misconduct that creates

15

an unreasonable risk of sexual conduct or sexual contact with a minor by an employee, a volunteer, a representative or an agent.

87. House Bill 2466, Chapter 529 §1(B)(1) codified as A.R.S. 12-514(B)(1) defines a "person" as "an individual, the United States, this state or a public or private corporation, local government unit, public agency, partnership, association, firm, trust or estate or any other legal entity."

88. Under Arizona law, Radisson Tucson Defendants owed a duty to Plaintiff, because Plaintiff was a registered hotel guest and/or a guest of a registered hotel guests, and an invitee of the innkeeper.

89. Under Arizona law, Radisson Tucson Defendants owed a nondelegable affirmative duty of care to Plaintiff to maintain the premises in a reasonably safe condition and to protect Plaintiff against another's foreseeable criminal acts.

90. Radisson Tucson Defendants had a duty to take reasonable precautions for the safety of Plaintiff.

91. Upon information and belief and at all times material hereto, Radisson Tucson Defendants had policies in place to ensure registered guests of the premises were above the age of majority or had parental permission.

92. Upon information and belief and at all times material hereto, Radisson Tucson Defendants did not verify the age or parental permission of Plaintiff.

93. Upon information and belief, Radisson Tucson Defendants breached their duty of care to Plaintiff as they knew or otherwise had actual notice of misconduct by Defendant Robert Womack that created an unreasonable risk of sexual conduct

16

or sexual contact with Plaintiff and negligently failed to protect Plaintiff while a minor from sexual contact and sexual conduct with Defendant Robert Womack.

94. As a direct and proximate result, Plaintiff sustained injuries that have caused pain, suffering, mental and emotional anguish, and a general decrease in the quality of life.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

(1) For general and compensatory damages in an amount to be proven at trial;

(2) For Plaintiff's costs incurred herein;

(3) For such other relief as the court deems proper.

DATED this 2nd day of February, 2021

MICK LEVIN, P.L.C.

*/s/John Robertson*
John Robertson, II
*Attorneys for Plaintiff*

FILED
Gary Harrison
CLERK, SUPERIOR COURT
12/30/2020 7:38:24 PM
BY: ARTHUR ROBLES /S/
DEPUTY

Case No. C20205838
HON. KELLIE JOHNSON

**MICK LEVIN, ESQ., (SBN 021891)**
micklevin@mlplc.com
**JOHN P. ROBERTSON, II (SBN 016731)**
johnrobertson@mlplc.com
**MICK LEVIN, P.L.C.**
3401 N 32nd Street
Phoenix, AZ 85018
Ph: 480-865-3051 / 866-707-7222
Fax: 800-385-1684

*Attorneys for Plaintiffs*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PIMA**

| | |
|---|---|
| JOHN DOE, an adult individual;<br><br>  Plaintiff,<br><br>vs.<br><br>ROBERT WOMACK a/k/a BOBBY WOMAC and JANE DOE WOMACK, husband and wife; CARLOS IRWIN ESTEVEZ a/k/a CHARLIE SHEEN, an adult individual; DON COLLIER a/k/a HOLLY HIRE CASTING & ASSOCIATES, an adult individual; HOLLYWOOD PICTURES CORPORATION d/b/a HOLLYWOOD PICTURES, a Foreign Corporation; POLYGRAM PICTURES, INC. d/b/a INTERSCOPE COMMUNICATIONS, a Foreign Corporation; POLYGRAM PICTURES, LLC; a Foreign Limited Liability Company; NOMURA BABCOCK & BROWN FILM ENTERTAINMENT ONE, INC., a Foreign Corporation; NOMURA BABCOCK & BROWN FILM ENTERTAINMENT TWO, INC., a Foreign Corporation; CINERGI FILM PRODUCTIONS CO. d/b/a CINERGI | Case No. _____<br><br>**COMPLAINT**<br><br>(Tort – Non-Motor Vehicle) |

1

PICTURES ENTERTAINMENT, a Foreign Corporation; LIBRA PICTURES, a Foreign Corporation; RADISSON HOSPITALITY INC., a Foreign Corporation; UNIVERSAL CITY STUDIOS, LLC., a Foreign Corporation; XYZ FRANCHISEE.

Defendants.

Plaintiff, pursuant to the Arizona Rules of Civil Procedure, hereby requests that this matter by tried to a jury.

DATED this 30th day of December, 2020.

MICK LEVIN, P.L.C.

*/s/John Robertson*
John Robertson, II
*Attorneys for Plaintiff*

2

FILED
Gary Harrison
CLERK, SUPERIOR COURT

12/30/2020 7:38:24 PM

BY: ARTHUR ROBLES /S/
DEPUTY

Case No. C20205838
HON. KELLIE JOHNSON

**MICK LEVIN, ESQ., (SBN 021891)**
micklevin@mlplc.com
**JOHN P. ROBERTSON, II (SBN 016731)**
johnrobertson@mlplc.com
**MICK LEVIN, P.L.C.**
3401 N 32nd Street
Phoenix, AZ 85018
Ph: 480-865-3051 / 866-707-7222
Fax: 800-385-1684

*Attorneys for Plaintiffs*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PIMA**

JOHN DOE, an adult individual;

Plaintiff,

vs.

ROBERT WOMACK a/k/a BOBBY WOMAC and JANE DOE WOMACK, husband and wife; CARLOS IRWIN ESTEVEZ a/k/a CHARLIE SHEEN, an adult individual; DON COLLIER a/k/a HOLLY HIRE CASTING & ASSOCIATES, an adult individual; HOLLYWOOD PICTURES CORPORATION d/b/a HOLLYWOOD PICTURES, a Foreign Corporation; POLYGRAM PICTURES, INC. d/b/a INTERSCOPE COMMUNICATIONS, a Foreign Corporation; POLYGRAM PICTURES, LLC; a Foreign Limited Liability Company; NOMURA BABCOCK & BROWN FILM ENTERTAINMENT ONE, INC., a Foreign Corporation; NOMURA BABCOCK & BROWN FILM ENTERTAINMENT TWO, INC., a Foreign Corporation; CINERGI FILM PRODUCTIONS CO. d/b/a CINERGI

Case No. _____

**COMPLAINT**

(Tort – Non-Motor Vehicle)

1

PICTURES ENTERTAINMENT, a Foreign Corporation; LIBRA PICTURES, a Foreign Corporation; RADISSON HOSPITALITY INC., a Foreign Corporation; UNIVERSAL CITY STUDIOS, LLC., a Foreign Corporation; XYZ FRANCHISEE.

Defendants.

Plaintiff, through undersigned counsel, alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. The events detailed in Plaintiff's Complaint occurred in Pima County and exceed the court's minimum jurisdictional amount. Venue and Jurisdiction are proper.

2. Plaintiff alleges that due to the damages sought in this matter, under Rule 8(b) of the Arizona Rules of Civil Procedure, it should be placed under Tier 3.

3. At all times material hereto, Plaintiff John Doe was a resident of Cochise County, Arizona.

4. Upon information and belief and at all times material hereto, Defendants Robert Womack a/k/a "Bobby Womac" and Jane Doe Womack were residents of California.

6. At all times material hereto, Defendants Robert Womack and Jane Doe Womack were acting on behalf of the marital community.

7. At all times material hereto, Defendant Carlos Irwin Estevez a/k/a Charlie Sheen ("Charlie Sheen") was a resident of California.

2

8. Upon information and belief and at all times material hereto, Defendant Don Collier was a resident of Pima County, Arizona.

9. Upon information and belief, Holly Hire-Collier was married to Defendant Don Collier prior to 1994.

10. At all times material hereto, Holly Hire-Collier was acting on behalf of the marital community.

11. Upon information and belief, Holly Hire Casting & Associates was an Arizona business owned and operated by Holly Hire-Collier.

12. Upon information and belief, Holly Hire Casting & Associates held a principal place of business in Pima County.

13. At all times material hereto, Defendant Hollywood Pictures Corporation d/b/a Hollywood Pictures ("Hollywood Pictures") was a foreign corporation with a principal place of business in California.

14. Upon information and belief and at all times material hereto, Defendant Polygram Pictures, Inc. d/b/a Interscope Communications ("Interscope") was a foreign corporation with a principal place of business in California.

15. Defendant Polygram Pictures, LLC is a Delaware Limited Liability Company with a principal place of business in California.

16. At all times material hereto, Defendant PolyGram Filmed Entertainment Productions, Inc. d/b/a Polygram Filmed Entertainment ("PolyGram") was a foreign corporation with a principal place of business in Delaware.

17. At all times material hereto, Defendant Nomura Babcock & Brown Film Entertainment One, Inc. was a foreign corporation with a principal place of business in California.

18. At all times material hereto, Defendant Nomura Babcock & Brown Film Entertainment Two, Inc. is a foreign corporation with a principal place of business in California.

19. At all times material hereto, Defendant Cinergy Film Productions Co. d/b/a Cinergi Pictures Entertainment ("Cinergi") was a foreign corporation with a principal place of business in California.

20. Upon information and belief and at all times material hereto, Defendant Libra Pictures ("Libra") was a foreign corporation with a principal place of business in California.

21. At all times material hereto, Defendant Radisson Hospitality, Inc., is a foreign corporation with a principal place of business in Minnesota.

22. Defendant Universal City Studios, LLC is a Delaware Limited Liability Company with a principal place of business in California.

23. Upon information and belief, XYZ Franchisee is an Arizona business with a principal place of business in Arizona.

## GENERAL ALLEGATIONS

24. Plaintiff reasserts and readopts the allegations in paragraphs 1-23 of this Complaint as if fully set forth herein.

4

25. Upon information and belief and at all times material hereto, Radisson Hospitality, Inc., and/or XYZ Franchisee, operated the hotel located at 6555 East Speedway Blvd ("Radisson Tucson").

26. Upon information and belief and at all times material hereto, Radisson Hospitality, Inc., and/or XYZ Franchisee, were acting in concert (collectively, "Radisson Tucson Defendants").

27. Upon information and belief and at all times material hereto, XYZ Franchisee was acting as an agent or servant of Radisson Hospitality, Inc.

28. Upon information and belief, Defendant Universal City Studios, LLC is a successor organization of Defendants Interscope, Polygram, and Polygram Pictures, LLC.

29. Upon information and belief and at all times material hereto, Defendants Don Collier d/b/a Holly Hire Casting & Associates, and/or Hollywood Picture, and/or Interscope, and/or Polygram Pictures, LLC, and/or Polygram, and/or Nomura Babcock & Brown Filmed Entertainment One, Inc., and/or Nomura Babcock & Brown Filmed Entertainment Two, Inc., and/or Cinergi, and/or Libra, and/or agents (collectively Production Company Defendants) were acting in concert.

30. Upon information and belief and at all times material hereto, Defendant Robert Womack was Defendant Charlie Sheen's personal driver. Upon information and belief, Robert Womack's duties included driving Defendant Charlie Sheen's trailer and other vehicles.

5

31. Upon information and belief, Defendant Robert Womack was an agent or servant and/or employee of the Production Company Defendants and/or agents of Production Company Defendants and/or Defendant Charlie Sheen.

32. Upon information and belief, Production Company Defendants and/or agents acted in concert in developing and filming the movie *Terminal Velocity*, released in 1994.

33. Upon information and belief, Production Company Defendants, and/or agents, and/or employees were responsible for the selection and hiring of employees and/or independent contractors to conduct the business of filming a movie during the production of *Terminal Velocity* in 1994.

34. Upon information and belief, *Terminal Velocity* was filmed between January 17, 1994, and April 6, 1994.

34. Plaintiff John Doe was born in 1977.

36. Plaintiff was an avid fan of Defendant Charlie Sheen and his films.

37. Plaintiff was 16 in 1977.

38. In approximately mid-to-late January 1994 on the last day of shooting in Douglas, Arizona, Plaintiff decided to wait outside of Defendant Charlie Sheen's hotel to get Defendant Charlie Sheen's autograph.

39. Plaintiff waited outside of the hotel on and off for a couple of days.

40. On the second day, Defendant Robert Womack and Defendant Charlie Sheen's stunt man, Eddie Braun, spotted Plaintiff waiting outside the hotel and

6

approached Plaintiff. Defendant Robert Womack and Eddie Braun invited Plaintiff in the hotel lobby for the purpose of meeting Defendant Charlie Sheen.

41. In the hotel lobby, Plaintiff met Defendant Charlie Sheen, obtained his autograph, and took a photograph with him.

42. Later that day, Defendant Robert Womack asked Plaintiff if he would like to accompany him to Tucson to be his assistant for the remainder of the filming of *Terminal Velocity*. The filming would take place over the next three to four weeks. Plaintiff accepted Defendant Robert Womack's offer.

43. Plaintiff told Defendant Robert Womack he was 16 years old.

44. Plaintiff then returned home to Sierra Vista to pack for the trip to Tucson and obtained parental approval to be Defendant Robert Womack's assistant. Plaintiff's mother and aunt then drove Plaintiff to the Wal Mart parking lot in Sierra Vista, where Defendant Robert Womack met them in Defendant Charlie Sheen's trailer. Defendant Charlie Sheen was in the back of the trailer sleeping.

45. Defendant Robert Womack then drove Plaintiff to Tucson, where they went to Radisson Tucson Defendant's hotel, the Radisson Tucson.

46. When Defendant Robert Womack and Plaintiff arrived at the Radisson Tucson to check in, Defendant Robert Womack and Plaintiff went to the front desk. Defendant Robert Womack first checked Defendant Charlie Sheen into a room under a pseudonym. Defendant Robert Womack, however, made it clear to the hotel staff at the front desk that the guest was Defendant Charlie Sheen.

7

47. Defendant Robert Womack, with Plaintiff standing next to him, then checked in to his room. The hotel staff clearly saw Plaintiff, and by his appearance knew that Plaintiff could have been a minor. The hotel staff, however, never spoke to Plaintiff upon check-in and never asked Plaintiff for his age, identification, or his relationship with Defendant Robert Womack.

48. The hotel staff at Radisson Tucson Defendant's hotel knew that Plaintiff was staying in Defendant Robert Womack's room, which was a single-bed room with a minibar containing alcoholic beverages.

49. Although Plaintiff was originally under the impression that he would be staying in a separate room from Defendant Robert Womack, he did not voice any objections to staying in the same room out of fear of losing his position as Defendant Robert Womack's assistant.

50. Defendant Robert Womack and Plaintiff stayed in the same room at Radisson Tucson Defendant's hotel for the entirety of the filming of *Terminal Velocity* in Tucson, Arizona, which was approximately three to four weeks. Numerous members of the production crew saw Plaintiff exit Defendant Robert Womack's room on different occasions.

51. Upon information and belief, Defendant Robert Womack and/or the Production Company Defendants paid for the hotel room at the Radisson Tucson.

52. Upon information and belief, Defendant Robert Womack was acting in the course and scope of his employment by getting a room at the Radisson Tucson.

8

He stayed at that room during the course of the production of *Terminal Velocity* in Tucson.

53.  Later that night, as Plaintiff was attempting to sleep, Defendant Robert Womack laid down on the bed with him, put his hand down Plaintiff's pants and fondled Plaintiff's genitalia while masturbating. After that first night, Defendant Robert Womack continued to sexually assault Plaintiff by having sexual conduct and contact with Plaintiff nightly during the approximately three to four week production of *Terminal Velocity* in Tucson.

54.  From the first day of production of *Terminal Velocity* in Tucson, Defendant Robert Womack would take Plaintiff to the set. Plaintiff was known on the set as Defendant Robert Womack's assistant. Upon information and belief, the Production Company Defendants provided Plaintiff with a badge stating Plaintiff was "Terminal Velocity staff."

55.  While on the set, Defendant Robert Womack would make extremely sexual comments about Plaintiff to other individuals, including actors and the production crew, on the set of *Terminal Velocity*. Defendant Womack and Plaintiff were often alone in Defendant Charlie Sheen's trailer while the trailer was parked on set.

56.  Upon information and belief, the Production Company Defendants knew that Plaintiff was a minor, knew that Defendant Womack and Plaintiff were often alone in Defendant Charlie Sheen's trailer while the trailer was parked on set, and knew that Plaintiff was staying in Defendant Womack's hotel room.

9

57. Upon information and belief, Defendant Charlie Sheen knew Plaintiff was a minor. During the course of the filming in Tucson, Defendant Charlie Sheen signed a happy birthday message stating "Happy 18th," indicating he knew Plaintiff was a minor at the time he first met Plaintiff.

58. Upon information and belief, Defendant Charlie Sheen knew Plaintiff, a minor, was staying in Defendant Robert Womack's hotel room.

59. Defendant Robert Womack facilitated Plaintiff being cast as an extra during the filming of Terminal Velocity in Tucson.

60. Upon information and belief, Holly Hire Casting & Associates was responsible for managing casting of extras in Tucson and Douglas for the film Terminal Velocity. Plaintiff was cast as an extra in Terminal Velocity.

61. Plaintiff received a paycheck for his role as an extra in Terminal Velocity.

62. Upon information and belief, Holly Hire Casting and Associates knew that Plaintiff was a minor, knew Defendant Womack and Plaintiff were often alone in Defendant Charlie Sheen's trailer while the trailer was parked on set, and knew Plaintiff, a minor, was staying in Defendant Robert Womack's hotel room.

63. After the completion of the filming of Terminal Velocity in Tucson, Defendant Robert Womack offered for Plaintiff to come with Defendant Robert Womack to complete filming for Terminal Velocity in locations outside of Arizona. Plaintiff, however, refused to go with him and stayed in Arizona.

//

//

10 .

## COUNT I
### (Sexual conduct or contact pursuant to House Bill 2466, Chapter 529)
### (Defendants Robert Womack a/k/a Bobby Womac and Jane Doe Womack)

64.     Plaintiff reasserts and readopts the allegations in paragraphs 1-63 of this Complaint as if fully set forth herein.

65.     House Bill 2466, Chapter 529 §3(B), passed by the Arizona Legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

> Notwithstanding any other law, a cause of action for damages described in section A, paragraph 1 of this section that involves sexual conduct or sexual contact and that would be time barred under section 12-514… or that would otherwise be time barred because of an applicable statute of limitations, a claim presentation deadline or the expiration of any other time limit is revived and may be commenced before December 31, 2020.

66.     Defendant Robert Womack had a duty to exercise reasonable care to Plaintiff.

67.     Defendant Robert Womack breached that duty when he had sexual contact and sexual conduct with Plaintiff on numerous occasions.

68.     As a direct and proximate result, Plaintiff sustained injuries that have caused pain, suffering, mental and emotional anguish, and a general decrease in the quality of life.

## COUNT II
### (Negligence pursuant to House Bill 2466, Chapter 529)
### (Defendant Charlie Sheen and Production Company Defendants)

69.     Plaintiff reasserts and readopts the allegations in paragraphs 1-68 of this Complaint as if fully set forth herein.

11

70. House Bill 2466, Chapter 529 §3(B), passed by the Arizona Legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

> Notwithstanding any other law, a cause of action for damages described in section A, paragraph 1 of this section that involves sexual conduct or sexual contact and that would be time barred under section 12-514... or that would otherwise be time barred because of an applicable statute of limitations, a claim presentation deadline or the expiration of any other time limit is revived and may be commenced before December 31, 2020.

71. House Bill 2466, Chapter 529 §3(C), passed by the Arizona Legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

> A cause of action... may be brought against a person who was not the perpetrator of the sexual conduct or sexual contact if that person knew or otherwise had actual notice of any misconduct that creates an unreasonable risk of sexual conduct or sexual contact with a minor by an employee, a volunteer, a representative or an agent.

72. House Bill 2466, Chapter 529 §1(B)(1) codified as A.R.S. 12-514(B)(1) defines a "person" as "an individual, the United States, this state or a public or private corporation, local government unit, public agency, partnership, association, firm, trust or estate or any other legal entity."

73. Defendant Charlie Sheen and the Production Company Defendants owed a duty to take reasonable steps to protect Plaintiff from foreseeable harm and injuries. Defendant Charlie Sheen and the Production Company Defendants had a duty to warn, safeguard, and/or protect Plaintiff, a minor, from sexual contact and sexual conduct with Defendant Robert Womack.

12

74. Defendant Charlie Sheen and the Production Company Defendants breached their duty of care to Plaintiff as they knew or otherwise had actual notice of misconduct by Defendant Robert Womack that created an unreasonable risk of sexual conduct or sexual contact with Plaintiff and negligently failed to protect Plaintiff while a minor from sexual contact and sexual conduct with Defendant Robert Womack.

75. As a direct and proximate result, Plaintiff sustained injuries that have caused pain, suffering, mental and emotional anguish, and a general decrease in the quality of life.

## COUNT III
## (Negligence hiring, supervision, retention pursuant to House Bill 2466, Chapter 529)
## (Defendant Charlie Sheen and Production Company Defendants)

76. Plaintiff reasserts and readopt the allegations in paragraphs 1-75 of this Complaint as if fully set forth herein.

77. House Bill 2466, Chapter 529 §3(B), passed by the Arizona Legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

> Notwithstanding any other law, a cause of action for damages described in section A, paragraph 1 of this section that involves sexual conduct or sexual contact and that would be time barred under section 12-514... or that would otherwise be time barred because of an applicable statute of limitations, a claim presentation deadline or the expiration of any other time limit is revived and may be commenced before December 31, 2020.

13

78. House Bill 2466, Chapter 529 §3(C), passed by the Arizona Legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

> A cause of action… may be brought against a person who was not the perpetrator of the sexual conduct or sexual contact if that person knew or otherwise had actual notice of any misconduct that creates an unreasonable risk of sexual conduct or sexual contact with a minor by an employee, a volunteer, a representative or an agent.

79. House Bill 2466, Chapter 529 §1(B)(1) codified as A.R.S. 12-514(B)(1) defines a "person" as "an individual, the United States, this state or a public or private corporation, local government unit, public agency, partnership, association, firm, trust or estate or any other legal entity."

80. Defendant Charlie Sheen and Production Company Defendants had a duty to exercise reasonable care in the authorization, selection, investigation, approval, hiring, training, supervision, retention, assignment, and/or discharge of its employees, agents, representatives, or servants.

81. Upon information and belief, Defendant Charlie Sheen and Production Company Defendants owed a duty to train and educate leaders to establish adequate and effective policies and procedures calculated to detect, prevent, and address sexual abuse.

82. Defendant Charlie Sheen and Production Company Defendants breached that duty and failed to exercise reasonable care in the hiring, retention and supervision of their employee, Defendant Robert Womack.

83. Defendant Charlie Sheen and Production Company Defendants breached that duty by permitting, or failing to prevent, the negligent conduct of Defendant Robert Womack.

84. As a direct and proximate result, Plaintiffs sustained injuries that have caused pain, suffering, mental and emotional anguish, and a general decrease in the quality of life.

## COUNT IV
## (Negligence pursuant to House Bill 2466, Chapter 529)
## (Radisson Tucson Defendants)

84. Plaintiff reasserts and readopts the allegations in paragraphs 1-83 of this Complaint as if fully set forth herein.

85. House Bill 2466, Chapter 529 §3(B), passed by the Arizona Legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

> Notwithstanding any other law, a cause of action for damages described in section A, paragraph 1 of this section that involves sexual conduct or sexual contact and that would be time barred under section 12-514... or that would otherwise be time barred because of an applicable statute of limitations, a claim presentation deadline or the expiration of any other time limit is revived and may be commenced before December 31, 2020.

86. House Bill 2466, Chapter 529 §3(C), passed by the Arizona Legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

> A cause of action... may be brought against a person who was not the perpetrator of the sexual conduct or sexual contact if that person knew or otherwise had actual notice of any misconduct that creates

15

an unreasonable risk of sexual conduct or sexual contact with a minor by an employee, a volunteer, a representative or an agent.

87. House Bill 2466, Chapter 529 §1(B)(1) codified as A.R.S. 12-514(B)(1) defines a "person" as "an individual, the United States, this state or a public or private corporation, local government unit, public agency, partnership, association, firm, trust or estate or any other legal entity."

88. Under Arizona law, Radisson Tucson Defendants owed a duty to Plaintiff, because Plaintiff was a registered hotel guest and/or a guest of a registered hotel guests, and an invitee of the innkeeper.

89. Under Arizona law, Radisson Tucson Defendants owed a nondelegable affirmative duty of care to Plaintiff to maintain the premises in a reasonably safe condition and to protect Plaintiff against another's foreseeable criminal acts.

90. Radisson Tucson Defendants had a duty to take reasonable precautions for the safety of Plaintiff.

91. Upon information and belief and at all times material hereto, Radisson Tucson Defendants had policies in place to ensure registered guests of the premises were above the age of majority or had parental permission.

92. Upon information and belief and at all times material hereto, Radisson Tucson Defendants did not verify the age or parental permission of Plaintiff.

93. Upon information and belief, Radisson Tucson Defendants breached their duty of care to Plaintiff as they knew or otherwise had actual notice of misconduct by Defendant Robert Womack that created an unreasonable risk of sexual conduct

16

or sexual contact with Plaintiff and negligently failed to protect Plaintiff while a minor from sexual contact and sexual conduct with Defendant Robert Womack.

94.    As a direct and proximate result, Plaintiff sustained injuries that have caused pain, suffering, mental and emotional anguish, and a general decrease in the quality of life.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

(1)    For general and compensatory damages in an amount to be proven at trial;

(2)    For Plaintiff's costs incurred herein;

(3)    For such other relief as the court deems proper.

DATED this 30th day of December, 2020.

MICK LEVIN, P.L.C.

/s/John Robertson
John Robertson, II
Attorneys for Plaintiff

17.

FILED
Gary Harrison
CLERK, SUPERIOR COURT
12/30/2020 7:38:24 PM
BY: ARTHUR ROBLES /S/
DEPUTY

Case No. C20205838
HON. KELLIE JOHNSON

PERSON/ATTORNEY FILING: John P Robertson II
MAILING ADDRESS: 3401 N. 32nd St
CITY, STATE, ZIP CODE: Phoenix, AZ 85018
PHONE NUMBER: (480)865-3051
E-MAIL ADDRESS: johnrobertson@mlplc.com
[ ☐ ] REPRESENTING SELF, WITHOUT AN ATTORNEY
(IF ATTORNEY) STATE BAR NUMBER: 016731, Issuing State: AZ

## ARIZONA SUPERIOR COURT, PIMA COUNTY

John Doe
Plaintiff(s),

V.

Robert Womack, AKA Bobby Womac, et al.
Defendant(s).

CASE NO: _____

**RULE 102a FASTAR CERTIFICATE**

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule 101b

and certifies that this case:

# (NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL NOT ACCEPT THIS FORM.)

☐ **DOES** meet the eligibility criteria established by Rule 101b; or

☒ **DOES NOT** meet the eligibility criteria established by Rule 101b.

Dated: _____

John P Robertson II /s/
_____
SIGNATURE

AZturboCourt.gov Form Set #5283320

FILED
Gary Harrison
CLERK, SUPERIOR COURT
12/30/2020 7:38:24 PM
BY: ARTHUR ROBLES /S/
DEPUTY

Case No. C20205838
HON. KELLIE JOHNSON

# In the Superior Court of the State of Arizona
# In and For the County of Pima

**Plaintiff's Attorney:**
John P Robertson II
Bar Number: 016731, issuing State: AZ
Law Firm: Mick Levin, PLC
3401 N. 32nd St
Phoenix, AZ 85018
Telephone Number: (480)865-3051
Email address: johnrobertson@mlplc.com

**Plaintiff:**
John Doe

**Defendants:**
Robert Womack, AKA Bobby Womac

Jane Doe Womack

Carlos Irwin Estevez, AKA Charlie Sheen

Don Collier, DBA Holly Hire Casting & Associates

Hollywood Pictures Corporation, DBA Hollywood Pictures

Polygram Pictures, Inc, DBA Interscope Communications

Polygram Pictures, LLC

Nomura Babcock & Brown Film Entertainment One, Inc.

Nomura Babcock & Brown Film Entertainment Two, Inc.

Cinergi Film Productions Co., DBA Cinergi Pictures Entertainment

Libra Pictures

AZturboCourt.gov Form Set #5283320

Radisson Hospitality, Inc.

Universal City Studios, LLC

XYZ Franchisee

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Negligence

Person/Attorney Filing: John P Robertson II
Mailing Address: 3401 N. 32nd St
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: johnrobertson@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016731, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

John Doe
Plaintiff(s),
v.
Robert Womack, AKA Bobby Womac, et al.
Defendant(s).

Case No. C20205838

**SUMMONS**

HON. KELLIE JOHNSON

To: Robert Womack, AKA Bobby Womac

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZTurboCourt.gov Form Set #5283320

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA



SIGNED AND SEALED This Date: 12/31/2020

Gary Harrison
Clerk of the Superior Court

By:    ARTHUR ROBLES /s/
_____
Deputy Clerk

AZturboCourt.gov Form Set #5283320

Person/Attorney Filing: John P Robertson II
Mailing Address: 3401 N. 32nd St
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: johnrobertson@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016731, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

John Doe
Plaintiff(s),

v.

Robert Womack, AKA Bobby Womac, et al.
Defendant(s).

Case No. C20205838

**SUMMONS**

HON. KELLIE JOHNSON

To: Jane Doe Womack

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA



SIGNED AND SEALED This Date: 12/31/2020

Gary Harrison
Clerk of the Superior Court

By: ARTHUR ROBLES /s/
           Deputy Clerk

AZturboCourt.gov Form Set #5283320

Person/Attorney Filing: John P Robertson II
Mailing Address: 3401 N. 32nd St
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: johnrobertson@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016731, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

John Doe
Plaintiff(s),
v.

Robert Womack, AKA Bobby Womac, et al.
Defendant(s).

Case No. C20205838

**SUMMONS**

HON. KELLIE JOHNSON

To: Don Collier, DBA Holly Hire Casting & Associates

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #5283320

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 12/31/2020

Gary Harrison
Clerk of the Superior Court

By:   ARTHUR ROBLES /s/
Deputy Clerk

AZturboCourt.gov Form Set #5283320

2

Person/Attorney Filing: John P Robertson II
Mailing Address: 3401 N. 32nd St
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: johnrobertson@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016731, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

John Doe
Plaintiff(s),
v.
Robert Womack, AKA Bobby Womac, et al.
Defendant(s).

Case No. C20205838

**SUMMONS**

HON. KELLIE JOHNSON

To: Hollywood Pictures Corporation, DBA Hollywood Pictures

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA



SIGNED AND SEALED This Date: 12/31/2020

Gary Harrison
Clerk of the Superior Court

By:   ARTHUR ROBLES /s/
                Deputy Clerk

AZturboCourt.gov Form Set #5283320

Person/Attorney Filing: John P Robertson II
Mailing Address: 3401 N. 32nd St
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: johnrobertson@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016731, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

John Doe
Plaintiff(s),
v.
Robert Womack, AKA Bobby Womac, et
al.
Defendant(s).

Case No. C20205838

**SUMMONS**

HON. KELLIE JOHNSON

To: Nomura Babcock & Brown Film Entertainment Two, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
    Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 12/31/2020

Gary Harrison
Clerk of the Superior Court

By:   ARTHUR ROBLES /s/
                    Deputy Clerk

AZturboCourt.gov Form Set #5283320

2

Person/Attorney Filing: John P Robertson II
Mailing Address: 3401 N. 32nd St
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: johnrobertson@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016731, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

John Doe
Plaintiff(s),
v.
Robert Womack, AKA Bobby Womac, et al.
Defendant(s).

Case No.  C20205838

**SUMMONS**

HON. KELLIE JOHNSON

To: Cinergi Film Productions Co., DBA Cinergi Pictures Entertainment

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA



SIGNED AND SEALED This Date: 12/31/2020

Gary Harrison
Clerk of the Superior Court

By:    ARTHUR ROBLES /s/
                    Deputy Clerk

AZturboCourt.gov Form Set #5283320

2

Person/Attorney Filing: John P Robertson II
Mailing Address: 3401 N. 32nd St
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: johnrobertson@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016731, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

John Doe
Plaintiff(s),
v.
Robert Womack, AKA Bobby Womac, et
al.
Defendant(s).

Case No. C20205838

**SUMMONS**

HON. KELLIE JOHNSON

To: Libra Pictures

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA



SIGNED AND SEALED This Date: 12/31/2020

Gary Harrison
Clerk of the Superior Court

By:   ARTHUR ROBLES /s/
_____
Deputy Clerk

AZturboCourt.gov Form Set #5283320

Person/Attorney Filing: John P Robertson II
Mailing Address: 3401 N. 32nd St
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: johnrobertson@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016731, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

John Doe
Plaintiff(s),

v.

Robert Womack, AKA Bobby Womac, et al.
Defendant(s).

Case No. C20205838

**SUMMONS**

HON. KELLIE JOHNSON

To: Radisson Hospitality, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 12/31/2020

Gary Harrison
Clerk of the Superior Court

By:    ARTHUR ROBLES /s/
_____
            Deputy Clerk

AZturboCourt.gov Form Set #5283320

Person/Attorney Filing: John P Robertson II
Mailing Address: 3401 N. 32nd St
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: johnrobertson@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016731, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

John Doe
Plaintiff(s),
v.
Robert Womack, AKA Bobby Womac, et al.
Defendant(s).

Case No. C20205838

**SUMMONS**

HON. KELLIE JOHNSON

To: XYZ Franchisee

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #5263320

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA



SIGNED AND SEALED This Date: 12/31/2020

Gary Harrison
Clerk of the Superior Court

By:   ARTHUR ROBLES /s/
_____
          Deputy Clerk

AZturboCourt.gov Form Set #5283320

2

Person/Attorney Filing: John P Robertson II
Mailing Address: 3401 N. 32nd St
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: johnrobertson@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016731, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| John Doe<br>Plaintiff(s),<br>v.<br>Robert Womack, AKA Bobby Womac, et al.<br>Defendant(s). | Case No.  C20205838<br><br>**SUMMONS**<br><br>HON. KELLIE JOHNSON |

To: Polygram Pictures, Inc, DBA Interscope Communications

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #5283320

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA



SIGNED AND SEALED This Date: 12/31/2020

Gary Harrison
Clerk of the Superior Court

By:    ARTHUR ROBLES /s/
_____
              Deputy Clerk

2

Person/Attorney Filing: John P Robertson II
Mailing Address: 3401 N. 32nd St
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: johnrobertson@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016731, Issuing State: AZ

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| John Doe<br>Plaintiff(s),<br>v.<br>Robert Womack, AKA Bobby Womac, et al.<br>Defendant(s). | Case No. C20205838<br><br>**SUMMONS**<br><br>HON. KELLIE JOHNSON |

To: Nomura Babcock & Brown Film Entertainment One, Inc.

## WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #5283320

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA



SIGNED AND SEALED This Date: 12/31/2020

Gary Harrison
Clerk of the Superior Court

By:    ARTHUR ROBLES /s/

Deputy Clerk

AZturboCourt.gov Form Sol #5263320

2

Person/Attorney Filing: John P Robertson II
Mailing Address: 3401 N. 32nd St
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: johnrobertson@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016731, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

John Doe
Plaintiff(s),

v.

Robert Womack, AKA Bobby Womac, et al.
Defendant(s).

Case No. C20205838

**SUMMONS**

HON. KELLIE JOHNSON

To: Polygram Pictures, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #5283320

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 12/31/2020

Gary Harrison
Clerk of the Superior Court

By:    ARTHUR ROBLES /s/
_____
                Deputy Clerk

AZturboCourt.gov Form Set #5283320

Person/Attorney Filing: John P Robertson II
Mailing Address: 3401 N. 32nd St
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: johnrobertson@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016731, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

John Doe
Plaintiff(s),
v.
Robert Womack, AKA Bobby Womac, et al.
Defendant(s).

Case No.  C20205838

**SUMMONS**

HON. KELLIE JOHNSON

To: Carlos Irwin Estevez, AKA Charlie Sheen

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA



SIGNED AND SEALED This Date: 12/31/2020

Gary Harrison
Clerk of the Superior Court

By:    ARTHUR ROBLES /s/
_____
                Deputy Clerk

AZturboCourt.gov Form Set #5283320

2

Person/Attorney Filing: John P Robertson II
Mailing Address: 3401 N. 32nd St
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: johnrobertson@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016731, Issuing State: AZ

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF PIMA

John Doe
Plaintiff(s),
v.
Robert Womack, AKA Bobby Womac, et al.
Defendant(s).

Case No. C20205838

**SUMMONS**

HON. KELLIE JOHNSON

To: Universal City Studios, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA



SIGNED AND SEALED This Date: 12/31/2020

Gary Harrison
Clerk of the Superior Court

By:    ARTHUR ROBLES /s/
       _____
              Deputy Clerk

AZturboCourt.gov Form Set #5283320

2

**MICK LEVIN, ESQ., (SBN 021891)**
micklevin@mlplc.com
**JOHN P. ROBERTSON, II (SBN 016731)**
johnrobertson@mlplc.com
**MICK LEVIN, P.L.C.**
3401 N 32nd Street
Phoenix, AZ 85018
Ph: 480-865-3051 / 866-707-7222
Fax: 800-385-1684
*Attorneys for Plaintiffs*

FILED
Gary Harrison
CLERK, SUPERIOR COURT
2/9/2021 4:22:12 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20205838
HON. KELLIE JOHNSON

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| John Doe, An Adult Individual;<br><br>    Plaintiff,<br>vs.<br><br>Robert Womack a/k/a Bobby Womac and Jane Doe Womack, Husband and Wife; Carlos Irwin Estevez a/k/a Charlie Sheen, an adult individual; Don Collier a/k/a Holly Hire Casting & Associates, an adult individual; Hollywood Pictures Corporation D/B/A Hollywood Pictures, a Foreign Corporation; Polygram Pictures, Inc. D/B/A Interscope Communications, a Foreign Corporation; Polygram Pictures, LLC; a Foreign Limited Liability Company; Nomura Babcock & Brown Film Entertainment One, Inc., a Foreign Corporation; Nomura Babcock & Brown Film Entertainment Two, Inc., a Foreign Corporation; Cinergi Film Productions Co. D/B/A Cinergi Pictures Entertainment, a Foreign Corporation; Libra Pictures, a Foreign Corporation; Radisson Hospitality Inc., a Foreign Corporation; Universal City Studios, LLC., a Foreign Corporation; XYZ Franchisee.<br><br>    Defendants. | Case No. C2020 5838<br><br>**NOTICE OF FILING AFFIDAVIT OF SERVICE RE: DEFENDANT: Cinergi Film Productions** |

1

Plaintiff, by and through counsel undersigned, hereby files the attached Affidavit Service regarding Defendant **Cinergi Film Productions.**

DATED this 9th day of February, 2021

MICK LEVIN, P.L.C.

/s/ John P Robertson, II
John P Robertson, II
Attorneys for Plaintiff

DATED this 9th day of February, 2021

ORIGINAL of the foregoing E-FILED with:
Clerk of the Court

Pima County Superior Court

COPY of the foregoing Mailed to:

Cinergi Film Productions Co
dba Cinergi Pictures Entertainment
c/o Statutory Agent:
Erick Feitshans
2308 Broadway
Santa Monica, CA 90404

/s/ C. Berry
Christy Berry

2

## AFFIDAVIT OF SERVICE BY CERTIFIED MAIL
## TO AN OUT OF STATE DEFENDANT

STATE OF ARIZONA      )
                           ) ss.

County of Maricopa      )

Christy Berry, upon her oath, states:

1.      Defendant Cinergi Film Productions a Foreign Corporation, is known to be located outside of Arizona but within the United States.

2.      Plaintiff mailed the Summons and a copy of the Complaint, Certificate of Compulsory Arbitration, Demand for Jury Trial to Defendant as indicated in Rule 4.2(c)(1).

3.      The documents were delivered and signed for on January 28, 2021. *See Exhibit A.*

4.      Plaintiffs received the signed Certified Mail return receipt verifying the delivery to Defendant, on February 9, 2021.

Dated this _9th_ day of February, 2021

_Christy Berry_

SUBSCRIBED AND SWORN TO before me this _9th_ day of February, 2021

_Notary Public_

My Commission Expires:



TINA L SANCHEZ
Notary Public - Arizona
Maricopa County
My Comm. Expires Feb 7, 2022

# EXHIBIT A



**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cinergi Film Production
dba Cinergi Pictures
c/o STAT Agent: Erick Fleisham
2308 Broadway
Santa Monica CA 90404

9590 9402 3745 7335 4165 94

2. Article Number *(Transfer from service label)*

7017 3380 0000 4811 1556

PS Form 3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
              ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
Covid 19                          1-28-21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

USPS TRACKING #

9590 9402 3745 7335 4165 94

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● Sender: Please print your name, address, and ZIP+4® in this box●

Mick Levin, P.L.C.
3401 N. 32nd Street
Phoenix, AZ 85018

Doe v Cinergi

FILED
Gary Harrison
CLERK, SUPERIOR COURT
2/3/2021 12:58:29 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20205838
HON. KELLIE JOHNSON

**MICK LEVIN, ESQ., (SBN 021891)**
micklevin@mlplc.com
**JOHN P. ROBERTSON, II (SBN 016731)**
johnrobertson@mlplc.com
**MICK LEVIN, P.L.C.**
3401 N 32nd Street
Phoenix, AZ 85018
Ph: 480-865-3051 / 866-707-7222
Fax: 800-385-1684
*Attorneys for Plaintiffs*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| John Doe, An Adult Individual;<br><br>    Plaintiff,<br>vs.<br><br>Robert Womack a/k/a Bobby Womac and Jane Doe Womack, Husband and Wife; Carlos Irwin Estevez a/k/a Charlie Sheen, an adult individual; Don Collier a/k/a Holly Hire Casting & Associates, an adult individual; Hollywood Pictures Corporation D/B/A Hollywood Pictures, a Foreign Corporation; Polygram Pictures, Inc. D/B/A Interscope Communications, a Foreign Corporation; Polygram Pictures, LLC; a Foreign Limited Liability Company; Nomura Babcock & Brown Film Entertainment One, Inc., a Foreign Corporation; Nomura Babcock & Brown Film Entertainment Two, Inc., a Foreign Corporation; Cinergi Film Productions Co. D/B/A Cinergi Pictures Entertainment, a Foreign Corporation; Libra Pictures, a Foreign Corporation; Radisson Hospitality Inc., a Foreign Corporation; Universal City Studios, LLC., a Foreign Corporation; XYZ Franchisee.<br><br>    Defendants. | Case No. C2020 5838<br><br>**NOTICE OF FILING AFFIDAVIT OF SERVICE RE: DEFENDANT: Polygram Pictures Inc** |

1

Plaintiff, by and through counsel undersigned, hereby files the attached Affidavit

Service regarding Defendant **Polygram Pictures Inc**

DATED this 3rd day of February, 2021

MICK LEVIN, P.L.C.

/s/ John P Robertson, II
John P Robertson, II
Attorneys for Plaintiff

DATED this 3rd day of February, 2021

ORIGINAL of the foregoing E-FILED with:
Clerk of the Court

Pima County Superior Court

COPY of the foregoing Mailed to:

Polygram Pictures, Inc
c/o Statutory Agent:
CT Corporation System
818 W Seventh St., Suite 930
Los Angeles, CA 90017


/s/ C. Berry
Christy Berry

2

## AFFIDAVIT OF SERVICE BY CERTIFIED MAIL
## TO AN OUT OF STATE DEFENDANT

STATE OF ARIZONA     )
                    ) ss.

County of Maricopa     )

Christy Berry, upon her oath, states:

1. Defendant Polygram Pictures Inc. is known to be located outside of Arizona but within the United States.

2. Plaintiff mailed the Summons and a copy of the Complaint, Certificate of Compulsory Arbitration, Demand for Jury Trial to Defendant as indicated in Rule 4.2(c)(1).

3. The documents were delivered via Certified Mail, and signed for on January 25, 2021. *See Exhibit A.*

4. Plaintiffs received the signed Certified Mail return receipt verifying the delivery to Defendant, on February 2, 2021

Dated this ___3rd___ day of February, 2021

_Christy Berry_
Christy Berry

SUBSCRIBED AND SWORN TO before me this ___3rd___ day of February, 2021

_Notary Public_
Notary Public

My Commission Expires:



TINA L SANCHEZ
Notary Public – Arizona
Maricopa County
My Comm. Expires Feb 7, 2022

**EXHIBIT A**





USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 3745 7335 4107 76

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Mick Levin, P.L.C.
3401 N. 32nd Street
Phoenix, AZ 85018

Re
Pologran

2/2/2021                                  USPS.com® - USPS Tracking® Results

**ALERT: USPS IS EXPERIENCING UNPRECEDENTED VOLUME INCREASES AND LIMITED EMPL...**

# USPS Tracking®                                                    FAQs >

## Track Another Package  +

Remove ✕

**Tracking Number:** 70173380000048111686

Your item has been delivered to an agent for final delivery in LOS ANGELES, CA 90017 on January 25, 2021 at 9:43 am.

## ⊘ Delivered to Agent

January 25, 2021 at 9:43 am
Delivered to Agent for Final Delivery
LOS ANGELES, CA 90017

**Get Updates** ⌄

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

FILED
Gary Harrison
CLERK, SUPERIOR COURT
1/29/2021 1:27:59 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20205838
HON. KELLIE JOHNSON

**MICK LEVIN, ESQ., (SBN 021891)**
micklevin@mlplc.com
**JOHN P. ROBERTSON, II (SBN 016731)**
johnrobertson@mlplc.com
**MICK LEVIN, P.L.C.**
3401 N 32nd Street
Phoenix, AZ 85018
Ph: 480-865-3051 / 866-707-7222
Fax: 800-385-1684
*Attorneys for Plaintiffs*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| John Doe, An Adult Individual;<br><br>     Plaintiff,<br><br>vs.<br><br>Robert Womack a/k/a Bobby Womac and Jane Doe Womack, Husband and Wife; Carlos Irwin Estevez a/k/a Charlie Sheen, an adult individual; Don Collier a/k/a Holly Hire Casting & Associates, an adult individual; Hollywood Pictures Corporation D/B/A Hollywood Pictures, a Foreign Corporation; Polygram Pictures, Inc. D/B/A Interscope Communications, a Foreign Corporation; Polygram Pictures, LLC; a Foreign Limited Liability Company; Nomura Babcock & Brown Film Entertainment One, Inc., a Foreign Corporation; Nomura Babcock & Brown Film Entertainment Two, Inc., a Foreign Corporation; Cinergi Film Productions Co. D/B/A Cinergi Pictures Entertainment, a Foreign Corporation; Libra Pictures, a Foreign Corporation; Radisson Hospitality Inc., a Foreign Corporation; Universal City Studios, LLC., a Foreign Corporation; XYZ Franchisee.<br><br>     Defendants. | Case No. C2020 5838<br><br>**NOTICE OF FILING AFFIDAVIT OF SERVICE RE: DEFENDANT: Universal City Studios, LLC., a Foreign Corporation** |

1

Plaintiff, by and through counsel undersigned, hereby files the attached Affidavit Service regarding Defendant **Universal City Studios, LLC., a Foreign Corporation.**

DATED this 29th day of January, 2021

MICK LEVIN, P.L.C.

/s/ John P Robertson, II
John P Robertson, II
Attorneys for Plaintiff

DATED this 29th day of January, 2021

ORIGINAL of the foregoing E-FILED with:
Clerk of the Court

Pima County Superior Court

COPY of the foregoing Mailed to:

Universal City Studios, Inc
c/o Statutory Agent:
CT Corporation System
818 W Seventh St., Suite 930
Los Angeles, CA 90017

/s/ C. Berry
Christy Berry

2

## AFFIDAVIT OF SERVICE BY CERTIFIED MAIL
## TO AN OUT OF STATE DEFENDANT

STATE OF ARIZONA           )
                           ) ss.
County of Maricopa         )

John P. Robertson, II, upon his oath, states:

1.    Defendant Universal City Studios, LLC., a Foreign Corporation, is known to be located outside of Arizona but within the United States.

2.    Plaintiff mailed the Summons and a copy of the Complaint, Certificate of Compulsory Arbitration, Demand for Jury Trial to Defendant as indicated in Rule 4.2(c)(1).

3.    The documents were delivered and signed for on January 25, 2021. *See Exhibit A.*

4.    Plaintiffs received the signed Certified Mail return receipt verifying the delivery to Defendant, on January 28 2021.

Dated this _29_ day of January, 2021

_____
John P. Robertson, II

SUBSCRIBED AND SWORN TO before me this _29TH_ day of January, 2021

_____
Notary Public

My Commission Expires: _12/7/2024_

CHRISTINE BERRY
Notary Public · Arizona
Maricopa County
Commission # 594258
My Comm. Expires Dec 7, 2024

# EXHIBIT A





FILED
Gary Harrison
CLERK, SUPERIOR COURT

1/29/2021 1:22:23 PM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20205838
HON. KELLIE JOHNSON

**MICK LEVIN, ESQ., (SBN 021891)**
micklevin@mlplc.com
**JOHN P. ROBERTSON, II (SBN 016731)**
johnrobertson@mlplc.com
**MICK LEVIN, P.L.C.**
3401 N 32nd Street
Phoenix, AZ 85018
Ph: 480-865-3051 / 866-707-7222
Fax: 800-385-1684
*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| John Doe, An Adult Individual;<br><br>    Plaintiff,<br>vs.<br><br>Robert Womack a/k/a Bobby Womac and Jane Doe Womack, Husband and Wife; Carlos Irwin Estevez a/k/a Charlie Sheen, an adult individual; Don Collier a/k/a Holly Hire Casting & Associates, an adult individual; Hollywood Pictures Corporation D/B/A Hollywood Pictures, a Foreign Corporation; Polygram Pictures, Inc. D/B/A Interscope Communications, a Foreign Corporation; Polygram Pictures, LLC; a Foreign Limited Liability Company; Nomura Babcock & Brown Film Entertainment One, Inc., a Foreign Corporation; Nomura Babcock & Brown Film Entertainment Two, Inc., a Foreign Corporation; Cinergi Film Productions Co. D/B/A Cinergi Pictures Entertainment, a Foreign Corporation; Libra Pictures, a Foreign Corporation; Radisson Hospitality Inc., a Foreign Corporation; Universal City Studios, LLC., a Foreign Corporation; XYZ Franchisee.<br><br>    Defendants. | Case No. C2020 5838<br><br>**NOTICE OF FILING AFFIDAVIT OF SERVICE RE: DEFENDANT: Hollywood Pictures Corporation DBA Hollywood Pictures** |

1

Plaintiff, by and through counsel undersigned, hereby files the attached Affidavit

Service regarding Defendant **Hollywood Pictures Corporation D/B/A Hollywood**

**Pictures, a Foreign Corporation.**

DATED this 29th day of January, 2021

MICK LEVIN, P.L.C.

/s/ John P Robertson, II
John P Robertson, II
Attorneys for Plaintiff

DATED this 29th day of January, 2021

ORIGINAL of the foregoing E-FILED with:
Clerk of the Court

Pima County Superior Court

COPY of the foregoing Mailed to:


Hollywood Pictures Corporation
DBA Hollywood Pictures
c/o Statutory Agent:
CSC Lawyers Incorporating Service
2710 Gateway Oaks Dr., Suite 150N
Sacramento, CA 95833

/s/ C. Berry
Christy Berry

2

## AFFIDAVIT OF SERVICE BY CERTIFIED MAIL
## TO AN OUT OF STATE DEFENDANT

STATE OF ARIZONA      )
                          ) ss.

County of Maricopa      )

John P. Robertson, II, upon his oath, states:

1. Defendant Hollywood Pictures Corporation D/B/A Hollywood Pictures, a Foreign Corporation, is known to be located outside of Arizona but within the United States.

2. Plaintiff mailed the Summons and a copy of the Complaint, Certificate of Compulsory Arbitration, Demand for Jury Trial to Defendant as indicated in Rule 4.2(c)(1).

3. The documents were delivered and signed for on January 25, 2021. *See Exhibit A.*

4. Plaintiffs received the signed Certified Mail return receipt verifying the delivery to Defendant, on January 28 2021.

Dated this 29 day of January, 2021

John P. Robertson, II

SUBSCRIBED AND SWORN TO before me this 29th day of January, 2021

Notary Public

My Commission Expires: 12/7/2024

CHRISTINE BERRY
Notary Public - Arizona
Maricopa County
Commission # 594258
My Comm. Expires Dec 7, 2024

**EXHIBIT A**







USPS TRACKING #

9590 9402 2728 6351 5029 35

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box*

MICK LEVIN PLC
3401 N 32nd Street
Phoenix, AZ 85018

# EXHIBIT B

FILED
Gary Harrison
CLERK, SUPERIOR COURT
12/30/2020 7:38:24 PM
BY: ARTHUR ROBLES /S/
DEPUTY

Case No. C20205838
HON. KELLIE JOHNSON

# In the Superior Court of the State of Arizona
# In and For the County of Pima

**Plaintiff's Attorney:**
John P Robertson II
Bar Number: 016731, issuing State: AZ
Law Firm: Mick Levin, PLC
3401 N. 32nd St
Phoenix, AZ 85018
Telephone Number: (480)865-3051
Email address: johnrobertson@mlplc.com

**Plaintiff:**
John Doe

**Defendants:**
Robert Womack, AKA Bobby Womac

Jane Doe Womack

Carlos Irwin Estevez, AKA Charlie Sheen

Don Collier, DBA Holly Hire Casting & Associates

Hollywood Pictures Corporation, DBA Hollywood Pictures

Polygram Pictures, Inc, DBA Interscope Communications

Polygram Pictures, LLC

Nomura Babcock & Brown Film Entertainment One, Inc.

Nomura Babcock & Brown Film Entertainment Two, Inc.

Cinergi Film Productions Co., DBA Cinergi Pictures Entertainment

Libra Pictures

AZTurboCourt.gov Form Set #5283320

Radisson Hospitality, Inc.

Universal City Studios, LLC

XYZ Franchisee

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Negligence

# EXHIBIT C

# *LB v. ENGET; 2007 Jury Verdicts LEXIS 107819*

CV 2004-004369

January, 2007

**Party Names**

Plaintiff(s):

Lb

Defendant(s):

Enget

**Topic:** Other - Emotional Distress Liability

**Injury:** Other - Emotional Injury

**Practice Area:** Computer and Internet Law; Criminal Law and Procedure

**Method of Resolution:** Trial

**Case Resolution:**    For Plaintiff

**State:** Arizona

**City:**    Phoenix

**Court:** Maricopa County Superior

Niyati Arun

LB v. ENGET; 2007 Jury Verdicts LEXIS 107819

**Plaintiff Counsel**

Sara J Powell

Firm Name: Law Office Of Sara J Powell

Address: 550 W Portland Phoenix Arizona

Phone: (602) 996-4447

**Defendant Counsel**

William D Holm

Firm Name: Jones, Skelton & Hochuli

Address: Two Renaissance Square, 40 North Central Avenue, Suite 2700 Phoenix Arizona 85004

Phone: (602) 263-1700

Website: *www.jshfirm.com*

**Case Summary**

Negligently taped sexual activity with 12 yr old girls mother on video tape with family holidays & family vacations; anxiety, emotional trauma, self-mutilation

**Plaintiff Expert(s)**

Dr. Cheryl L Karp

Address: 3060 N Swan Rd Tucson Arizona 85712

Phone: (520) 323-3156

Specialty: Forensic Psychology, Psychology, Clinical Psychology, Battered Women's Syndrome, ***Child Sexual Abuse***

**Defendant Expert(s)**

Dr. Steven Errol Pitt

Address: 15849 N 71st St, Ste #100 Scottsdale Arizona 85254-2179

Phone: (602) 272-2078

Website: *www.stevenpittassociates.com/associates-steven-pitt.html*

Specialty: Forensic Psychiatry, Psychiatry, Medicine

Affiliation: University of Arizona College of Medicine - Phoenix

Niyati Arun

LB v. ENGET; 2007 Jury Verdicts LEXIS 107819

Affiliation: Steven Pitt & Associates

**Award:** $125,000

**Award Details:** Trial,

Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**End of Document**

Case 4:21-cv-00084-JAS    Document 1-3    Filed 02/23/21    Page 98 of 112

JVR No. 446848, 1999 WL 34681333 (Unknown State Ct. (Ariz.)) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Unknown Arizona State Ct.

STEELE, PRO AMI v. BAIRD

CV1997-020506
DATE OF INCIDENT: February, 1997
DATE OF FILING: November, 1997
DATE OF TRIAL: July, 1999

TOPIC:

LIABILITY:

General: PERSONAL NEGLIGENCE

Specific: Sexually Transmitted Disease

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Non Verdict Award:**
**Total Verdict: $1,000,000**
**Judge Reduced Award To:**
**Claimed Past Medical:**
**Claimed Future Medical:**
**Claimed Past Wage Expense:**
**Claimed Future Wage Expense:**
Plaintiff's Economist:

Defendant's Economist:

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff: Mark N. Goodman, Prescott, AZ
Defendant: Christopher H. Reed, Phoenix, AZ

RANGE AMOUNT: $1,000,000-1,999,999
STATE: Arizona
COUNTY: Maricopa

**PRIMARY INJURY: Child Abuse**

**SUMMARY**
**PLAINTIFF:**
Sex: Female

Age: 17

**DECEDENT:**
Funeral Expense:

Other Expenses:

**DEFENDANT:**
Type: Single Individual

Sex: Male

Policy Limit:

**DAMAGES:**
Past Medical:

Future Medical:

Past Wage:

Future Wage:

Pain and Suffering: $950,000

Other:

Total: $950,000

Punitive: $50,000

Hedonic:

Property:

Other:

Interest:

Loss of Services:

**FACTS:**
A 17-yeer-old female suffered sexual abuse and contracted type 2 herpes when she was sexually assaulted on several occasions by the male defendant communications manager who was her supervisor at her place of employment. The plaintiff contended that he forced her to have rectal intercourse with him, that she got herpes from him and was hospitalized for several weeks, and after she returned from the hospital, he took her to a nonparty female's home where he forced her to have intercourse and oral

sex with him. The plaintiff further contended that she now requires counseling due to this assault. The defendant denied liability, disputed the plaintiff's injuries and contended that the sex was consensual and the she contracted herpes from some other source.

Jury Verdict Research
COURT:

---

**End of Document**                                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# *Deutsch/Mohr-McDermott v. Masonic Home for Children; 2006 Jury Verdicts LEXIS 44222*

BC306444

October 06, 2006

**Headline:** Former Group Home Residents Claimed ***Sexual Abuse***

**Published Date:** October 28, 2006

**Topic:** Intentional Torts - ***Child Abuse*** - Domestic Relations - ***Child Abuse*** and Neglect - Intentional Torts - ***Sexual*** Assault - Negligence - Negligent Retention

**Practice Area:** Criminal Law and Procedure; Family Law; Torts

**State:** California

**Court:** Superior Court of Los Angeles County, East Los Angeles

**Plaintiff Counsel**

Graham LippSmith

Firm Name: Girardi & Keese

Address: Los Angeles, CA

Plaintiff Name: (Jane Doe, Jane Roe)

David N. Bigelow

Firm Name: Girardi & Keese

Address: Los Angeles, CA

Plaintiff Name: (Jane Doe, Jane Roe)

**Defendant Counsel**

Nicholas W. Heldt

Niyati Arun

Deutsch/Mohr-McDermott v. Masonic Home for Children; 2006 Jury Verdicts LEXIS 44222

Firm Name: Sedgwick, Detert, Moran & Arnold

Address: San Francisco, CA

Defendant Name: (Masonoc Home for Children)


Ryan Harrison

Firm Name: Sedgwick Detert Moran and Arnold

Address: San Francisco, CA

Defendant Name: (Masonoc Home for Children)



**Judge:** Bruce R. Minto



**Case Summary**

During the 1960s, two unnamed and underage plaintiffs, lived in the Covina Masonic Home of California, a group residential care facility, where they were allegedly subject to sexual abuse by two employees and agents, Earl Pearson and Randy Azelton.

Plaintiffs sued the Masonic Home of California for the negligent retention of its employees.

Now in their 40s, both plaintiffs started out in broken homes prior to being placed in the Masonic Home of California and resided there for nearly their entire childhoods, during which they were both repeatedly sexually abused by Pearson and Azelton. The ***molestation*** allegedly occurred with Pearson and Azelton for one of the plaintiffs when she was eight and then again, when she was 15. The other plaintiff alleged that she was ***molested*** by Azelton when she was nine.

In the liability phase of the bifurcated trial, Masonic Homes of California denied responsibility for Pearson's sexual abuse of the plaintiffs, arguing that, although Pearson was married to a houseparent, lived in the young girls' dormitory, admitted that he had regular contact with the young girls and posed in the 1968 Junior Girls Dormitory picture with two young girls on his lap, Pearson was not the Masonic Homes of California's employee, agent, representative or volunteer.

Azelton, a houseparent, testified that he took advantage of the 15 year-old plaintiff, repeatedly sexually abused her and should have reported his unlawful sexual abuse to the home. Jonathan French, the defense's expert psychologist, through an interview with the plaintiff, was told that Azelton was the 15 year-old girl's "boyfriend," that the childhood sexual abuse was "an escapade" and accused the plaintiff of soliciting Azelton.

Masonic Homes of California also argued through experts Park Dietz and Gregg McCrary, that the community was not aware of childhood sexual abuse by trusted acquaintances in the 1960s and 1970s. This expert testimony allegedly contradicted the testimony of Masonic Homes of California's former employees and residents who testified that the Masonic Home was aware of the dangers that pedophiles posed and attempted to prevent and detect sexual abuse at the Masonic Homes throughout the 1960s and 1970s.

**Injury Text:**

The plaintiffs sought non-economic and economic damages. The plaintiff's counsel noted the women continue to suffer from severe psychological injuries that will exist for the rest of their lives. Both women also allegedly suffer from a massive distrust of people, in addition to past employment trust issues. The women are depressed and have anxiety problems and suffer from chemical dependency issues.

Deutsch/Mohr-McDermott v. Masonic Home for Children; 2006 Jury Verdicts LEXIS 44222

The defense disputed the extent of the women's suffering, contending that their problems did not stem strictly from the sexual abuse they suffered at the Masonic Home.

**Trial Length**

4.0 weeks

**Jury Deliberation**

3.0 days

**Jury Poll**

unanimous, except 11-1 on damages amount

| PLAINTIFF NAME | PROPERTY AWARD |
|---|---|
| Jane Doe | $ 1,915,600 |

| PLAINTIFF NAME | PROPERTY AWARD |
|---|---|
| Jane Roe | $ 1,615,600 |

**Plaintiff Amounts:**

(Jane Doe)

$1,900,000 Personal Injury: non-economic damages

$15,600 Personal Injury: economic damages

(Jane Roe)

$1,600,000 Personal Injury: non-economic damages

$15,600 Personal Injury: economic damages

**Defendant Expert(s)**

Gregg O. McCrary

Address: Fredericksburg, VA

Specialty: Security/Premises Liability

Affiliation: Nicholas Heldt, Ryan Harrison

Jonathan French

Address: Los Angeles, CA

Specialty: Sex Offenses

Affiliation: Nicholas Heldt, Ryan Harrison

Park E. Dietz

Address: Newport Beach, CA

Specialty: Psychology/Counseling

Niyati Arun

Deutsch/Mohr-McDermott v. Masonic Home for Children; 2006 Jury Verdicts LEXIS 44222

Affiliation: Nicholas Heldt, Ryan Harrison

Stefanie Doyle Peters, Ph.D.

Address: Los Angeles, CA

Specialty: Psychology Trauma

Affiliation: Nicholas Heldt, Ryan Harrison

**Award:** $ 3,531,200

**Award Details:** Although the original statute of limitations for both plaintiffs' claims expired when they turned 19 in the late 1970s, both plaintiffs filed their claims in 2003 under California's Childhood Sexual Abuse Revival Statute, California Code of Civil Procedure Section 340.1.  Based on the jury's unanimous findings, both plaintiffs' claims for childhood sexual abuse were revived in the first phase of the trial.

At the conclusion of the damages phase of the bifurcated trial, the jury awarded $1,915,600 in damages ($1,900,000 in non-economic damages/$15,600 in economic damages) to the plaintiff who was sexually abused by Pearson and Azelton. The jury also awarded $1,615,600 ($1,600,000 in non-economic damages/$15,600 in economic damages) to the other plaintiff who was sexually abused by Pearson.

Despite having the opportunity to allocate fault between Masonic Homes of California and the perpetrators, the jury found Masonic Homes of California 100% at fault for the harm, allocating all of the damages to Masonic Homes of California and none to the perpetrators.



[www.verdictsearch.com/index.jsp](www.verdictsearch.com/index.jsp)

Copyright 2006 ALM Media Properties, LLC.
 All Rights Reserved
 Further duplication without permission is prohibited
VerdictSearch
California Reporter Vol. 5B

End of Document

## *Lauren Oiye v. James D. Fox, and James D. Fox Trustee of the James D. Fox Residence Trust; 2012 Jury Verdicts LEXIS 10433*

1-10-CV-173255

January 20, 2012

**Headline:** Plaintiff Claimed Psychological Problems From Sexual Abuse

**Published Date:** August 06, 2012

**Topic:** Intentional Torts - Sexual Battery - Intentional Torts - Intentional Infliction of Emotional Distress

**Injury:** Post-traumatic Stress Disorder, Depression

**Practice Area:** Torts

**State:** California

**Court:** Superior Court of Santa Clara County, Santa Clara

**Plaintiff Counsel**

Donn Waslif

Firm Name: Morgan, Franich, Fredkin & Marsh

Address: San Jose, CA

Plaintiff Name: (Lauren Oiye)

**Defendant Counsel**

Bradley Kass

Firm Name: Kass & Kass Law Offices

Address: San Mateo, CA

Niyati Arun

Lauren Oiye v. James D. Fox, and James D. Fox Trustee of the James D. Fox Residence Trust; 2012 Jury Verdicts LEXIS 10433

Defendant Name: (James D. Fox, James D. Fox Residence Trust)

**Judge:** Carrie Z. Zepeda

**Case Summary**

In October 2009, plaintiff Lauren Oiye, 22, a student, reported to the San Jose Police Department that she was sexually **_molested_**, inclusive of intercourse and oral copulation, by the father of one of her friends, James Fox. She claimed that this began when she was 13 and continued on a regular daily/weekly basis in Santa Clara County until she reached the age of 18. She claimed that, thereafter, from age 18 to 22, a sexual relationship continued sporadically between her and Fox.

Shortly before his arrest, Fox transferred the deed to his home to himself as trustee of the James Fox Residential Trust. Fox ultimately pleaded nolo contendere to multiple felony counts of California Penal Code ???? 288(a) and 288(c), which was for lewd and lascivious acts upon a child. He was then given a prison sentence.

Oiye brought a civil action against Fox, both individually and in his capacity as trustee of the James Fox Residence Trust. The matter proceeded to trial, where the jury was instructed on four penal code sections, including the two that Fox pleaded no contest to in the criminal case, which prohibit **_child molestation_**; intentional infliction of emotional distress; sexual battery, during adulthood; and whether the acts were done with malice/oppression for punitive damages. The jury was not instructed on any affirmative defenses.

At trial, Fox denied that any of Oiye's allegations occurred, including any kind of inappropriate relationship or illegal conduct. Instead, he claimed that over the years, he and his family had been very generous to Oiye, who did not have a good home life. Thus, Fox argued that Oiye had fabricated her claims for the sole purpose of obtaining money from him.

**Injury Text:**

Oiye, who is now 24, claimed that she suffered from post-traumatic stress disorder, anorexia nervosa and depression as a direct result of Fox's prolonged sexual abuse. She noted that she was hospitalized more than once for these illnesses and secondary conditions, including weight loss and illness. She alleged that when she was 18, she began asserting control over her eating/nutrition by restricting and, later, by purging. She also alleged that at age 20, she entered her first residential treatment program to treat her eating disorder. Although she is doing much better, Oiye's recovery from PTSD and Anorexia is ongoing. She claimed she requires future, periodic therapy and care.

The plaintiff's expert in child/adolescent psychiatry and eating disorders testified that Oiye suffered from PTSD and anorexia, and opined that those conditions were caused by sexual abuse. The expert also opined that Oiye would require treatment in the future.

The plaintiff also relied on the testimony of a retired law enforcement officer who specialized in the investigation of child sex crimes and is recognized as an expert in the recognition of behaviors consistent with the **_Child Sexual Abuse_** Accommodation Syndrome in victims of childhood **_sexual abuse_**. The syndrome was developed by Dr. Roland Summit, a renowned psychiatrist in the field of childhood sexual abuse. The expert testified that aspects of this case were consistent with those in other childhood sexual abuse cases that he had investigated during his career and written about in Dr. Summit's writings. However, he acknowledged that he was not involved in the criminal investigation of Fox.

Thus, Oiye sought recovery of damages for her emotional distress.

Lauren Oiye v. James D. Fox, and James D. Fox Trustee of the James D. Fox Residence Trust; 2012 Jury Verdicts LEXIS 10433

Defense counsel argued that Oiye's eating disorder, if it occurred at all, was caused by other stress factors unrelated to Fox. He contended that if Oiye suffered an eating disorder or PTSD, it stemmed from her competitive synchronized swimming career and failed attempt to make the U.S. Olympic team, as well as a prior incident of sexual abuse that occurred when she was 3 years old. The defense's expert psychiatrist also opined that Oiye's eating disorder could have stemmed, at least in part, from the stress of her competitive synchronized swimming, her relationship with her mother and/or the prior incident at age 3.

Defense counsel also called the plaintiff's expert in **_Child Sexual Abuse_** Accommodation Syndrome to testify about his impressions of the recorded pretext telephone call with Fox, which was set up by the police between Oiye and Fox during the criminal investigation. According to the defense, the expert indicated concerns about the pretext of the call and how it was handled, including the unusually long length of it and that Fox never directly admitted to any of the alleged activities claimed by Oiye. According plaintiff's counsel, the expert in **_Child Sexual Abuse_** Accommodation Syndrome testified that Fox's statements during the telephone call did not amount to an admission of a crime and that police officers are trained to illicit a more direct response/comment to the alleged crimes than what transpired during Oiye's call.

**Trial Length**

2.0 weeks

**Jury Deliberation**

1.5 days

**Jury Composition**

half male, half female

**Post Trial Status**

A judgment was entered on Feb. 2, 2012, against Fox, the individual. The court also set aside Fox's transfer of his home to the trust based upon the jury's finding that it was fraudulent. In addition, the court awarded statutory attorney fees of $275,825 in response to plaintiff's counsel's post-trial motion for attorney fees and the court awarded costs of $26,034.71.

Defense counsel's motion for new trial was denied. Fox has subsequently appealed.

| PLAINTIFF NAME | PROPERTY AWARD |
|---|---|
| Lauren Oiye | $ 491,000 |

**Plaintiff Amounts:**

(Lauren Oiye)

  $41,000 Personal Injury: past economic damages

  $200,000 Personal Injury: future economic damages

   $250,000 Personal Injury: past non-economic damages

**Plaintiff Expert(s)**

Lynn E. Ponton, M.D.

Address: San Francisco, CA

Specialty: Child Psychiatry

Lauren Oiye v. James D. Fox, and James D. Fox Trustee of the James D. Fox Residence Trust; 2012 Jury Verdicts LEXIS 10433

Affiliation: eating disorders, Donn Waslif

Carl Lewis

Address: Half Moon Bay, CA

Specialty: _**Child Abuse**_

Affiliation: retired law enforcement officer, expert Childhood _**Sexual Abuse**_ Accommodation Syndrome, Donn Waslif

**Defendant Expert(s)**

David Khan, M.D.

Address: San Francisco, CA

Specialty: Psychiatry

Affiliation: Bradley Kass

**Award:** $ 491,000

**Award Details:** The plaintiff voluntarily dismissed actions for false imprisonment, negligent infliction of emotional distress and negligence at trial.

The jury unanimously found that Fox violated all four _**child molestation**_ statutes. It awarded Oiye $491,000 in damages for childhood sexual abuse. The jury also found that the transfer of assets from Fox, individually, to the Fox Trust was an intent to hinder, delay or defraud, and was a fraudulent conveyance designed to thwart Oiye's attempts at collection of a future judgment. However, the jury returned a defense verdict on the other claims for sexual assault and battery of an adult, intentional infliction of emotional distress and malice/punitive damages.

 VERDICTSEARCH

_www.verdictsearch.com/index.jsp_

Copyright 2012 ALM Media Properties, LLC.
 All Rights Reserved
 Further duplication without permission is prohibited
VerdictSearch
California Reporter Vol. 11

**End of Document**

# *M.E. AND J.E., MINORS v. STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES (DSHS); 2017 WA Jury Verdicts & Sett. LEXIS 123*

15-2-13434-1

February 24, 2017 (approved)

**Published:** April, 2017

**Topic:** STATE & DSHS NEGLIGENCE; SEXUAL ABUSE; EMOTIONAL DISTRESS.

**Result:** PLAINTIFF SETTLEMENT for $ 2,650,000. (This case was filed in November 2015 and mediated in late 2016, a few weeks before trial. At mediation a tentative agreement was reached whereby Def. DSHS would pay $ 2,650,000 to resolve the claims of both girls. The funds were divided with $ 1,650,000 allocated to Plff M.E.'s claim and $ 1,000,000 allocated to Plff J.E.'s claim. The minor settlements were approved by the Court of February 24, 2017.).

**Award:** 2650000

**Injury:** Emotional distress; sexual abuse.

**Practice Area:** Criminal Law and Procedure; Family Law

**State:** Washington

**County:** Pierce

**Judge:** MEDIATOR: Thomas R. Merrick

Niyati Arun

M.E. AND J.E., MINORS v. STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH
SERVICES (DSHS); 2017 WA Jury Verdicts & Sett. LEXIS 123

**Plaintiff Counsel**

Nathan P. Roberts & Meaghan M. Driscoll, Connelly Law Offices (Tacoma).

**Defendant Counsel**

Peter J. Helmberger, Assistant Attorney General, Torts Division (Tacoma).

**Case Summary**

This case arose from sexual abuse perpetrated against two young sisters, Plffs M.E. and J.E. Plffs alleged that Def. DSHS was negligent by leaving them with their mother, who had allowed a male friend into her home to babysit them and sexually ***molest*** them for a number of years. It would later be revealed that the made friend, Jason Karlan, had pled guilty to "Lewd Act Upon a Child Under 14" in California back in 1997, when Karlan was himself still a minor. Plffs argued that Def. DSHS should have investigated the home more thoroughly following a report by one of the girls that there was a "ghost in the shower" at her home. Specifically, Plffs argued that more thorough investigation should have included a background check, which would have revealed Mr. Karlan's juvenile conviction from California and should have resulted in a "safety plan" being put into place. The "ghost in the shower" report was forwarded to Def. DSHS on December 31, 2011. At that time, both girls were interviewed by a detective and social workers and, at the time, denied behing sexually abused by Mr. Karlan. Def. DSHS closed the case as "unfounded" on January 30, 2012. However, in late-August 2013, Mr. Karlan was arrested for sexually abusing a seven-year-old boy ("J.B.") in another home. In October 2013, Plff M.E. reported that Karlan had been coming into her room in the middle of the night and "touching her in the wrong parts." During subsequent forensic interviews, M.E. reported significant sexual activity instigated by Mr. Karlan during periods of unsupervised access. Plff J.E., the younger sister, has never disclosed any sexual abuse by Mr. Karlan; however, she slept on the lower bunk, below her sister, Plff M.E., and apparently saw Karlan abusing M.E. Plff J.E. indicated she could hear her sister crying and knew she was being hurt. As a result of the disclosures, the State charged Karlan with three counts of 2nd Degree ***Child*** ***Molestation*** based on abuse allegedly perpetrated against the unrelated boy, J.B. Under a separate cause number, the State also charged Karlan with 1st Degree ***Child*** ***Molestation*** and Rape of a ***Child*** in the 1st Degree based on alleged acts of abuse perpetrated against Plff M.E. Karlan was never charged with abusing Plff J.E. In 2014, in preparation for trial, the prosecutor's office unearthed Karlan's 1997 conviction by running a simple background check and disclosed the intent to admit evidence of the 1997 Act under ER 404(b). This raised questions about why a background check had not been previously run by DSHS in conjunction with the 2011 "ghost in the shower" referral. Karlan ultimately pled guilty to lesser charges involving the abuse of seven-year-old J.H., and prosecutors dismissed the case against him based on alleged abuse of M.E.

Copyright 2017 Jury Verdicts Northwest Inc.
Northwest Personal Injury Litigation Reports

**End of Document**

# EXHIBIT D

Division of Corporations - Filing

Delaware.gov           Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**

Allowable Characters

**HOME**

View Search Results

|  | Entity Details |
|---|---|

| **File Number:** | **2233445** | **Incorporation Date / Formation Date:** | **6/15/1990** (mm/dd/yyyy) |
|---|---|---|---|
| **Entity Name:** | **CINERGI FILM PRODUCTIONS CO.** | | |
| **Entity Kind:** | **Corporation** | **Entity Type:** | **General** |
| **Residency:** | **Domestic** | State: | **State:** |
| **Status:** | **Merged** | Status Date: | **4/30/1998** |

**TAX INFORMATION**

| Last Annual Report Filed: | **1997** | Tax Due: | **$ 0** |
|---|---|---|---|
| Annual Tax Assessment: | **$ 30** | Total Authorized Shares: | **1000** |

**REGISTERED AGENT INFORMATION**

| Name: | **PARACORP INCORPORATED** | | |
|---|---|---|---|
| Address: | **2140 S DUPONT HWY** | | |
| City: | **CAMDEN** | County: | **Kent** |
| State: | **DE** | Postal Code: | **19934** |
| Phone: | **302-697-4590** | | |

**FILING HISTORY (Last 5 Filings)**

| Seq | Description | No. of pages | Filing Date (mm/dd/yyyy) | Filing Time | Effective Date (mm/dd/yyyy) |
|---|---|---|---|---|---|
| 1 | **Merger; Non-Survivor [Non-Survivor] [Survivor Name] CINERGI PICTURES ENTERTAINMENT INC.** | **4** | **4/30/1998** | **9:00 AM** | **4/30/1998** |
| 2 | **Merger [Survivor]** | **6** | **12/18/1997** | **9:00 AM** | **12/18/1997** |
| 3 | **Change of Agent 9000012** | **1** | **7/27/1994** | **9:00 AM** | **7/27/1994** |
| 4 | **Stock Corporation** | **2** | **6/15/1990** | **9:00 AM** | **6/15/1990** |

[ Back to Entity Search ] [ Email Status ]

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov